## Trombetta v. Schligler

*Dennis V. Williams,* for plaintiff.
*Eugene J. Brew,* for defendant.

CARNEY, *P.J.*, May 6, 1980—This is an action in equity for enforcement of a restrictive covenant not to compete. This court previously denied a preliminary injunction.

The facts have been stipulated. Defendant, Alois Schligler, formerly owned and operated a business

known as Al's Sign Service in Erie, Pa. Defendant had operated this business for approximately 20 years. On April 24, 1978 Schligler sold his sign business to plaintiff, Thomas Trombetta. As part of this sale the parties agreed to the following restrictive covenant:

"Seller agrees and covenants that he shall not compete with the buyer by engaging in any sign business or make any use of the name Al's Sign Service for a period of five (5) years to commence from the date of this agreement in Erie County, Pennsylvania."

While not using the name Al's Sign Service, defendant is teaching sign painting and lettering to students at 313 Holland Street, Erie, Pa.

We shall deny specific enforcement of this restrictive covenant because (1) we do not believe that defendant's conduct falls within the prohibition of the covenant, and (2) if it does, enforcement of the covenant would be unreasonable.

A covenant not to compete executed ancillary to a buy-sell agreement is subject to a less stringent standard than that applied to an employment contract: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 136 A. 2d 838 (1957); Alabama Binder & Chemical Corp. v. Pennsylvania Indust. Chemical Corp., 410 Pa. 214, 189 A. 2d 180 (1963).

Traditionally the restraints of a restrictive covenant have been those of duration and area. Here the reasonableness of these restraints is not questioned. A third restraint, that of activity, has, however, ascended in importance as our society has become more labor specialized. See Blake, Employee Agreements Not to Compete, 73 Harv.L.Rev. 625, 675-677 (1960). In this case the activity restricted by the covenant is "engaging in any sign

business. . . ." This restriction does not, in our opinion, encompass the activity of *teaching* lettering and sign painting.

Secondly, if this teaching activity fell within the ambit of present activity restriction, we believe it would be unreasonable. Restatement, Contracts, §515, provides in part:

"A restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it

"(a) is greater than is required for the protection of the person for whose benefit the restraint is imposed, or . . .

"(c) tends to create, or has for its purpose to create, a monopoly, or to control prices or to limit production artificially. . . ."

To restrict defendant's teaching activity only because his pupils may ultimately compete with plaintiff is, in our opinion, more than what is reasonably required to protect the "good will" asset purchased by plaintiff. Such a restriction would certainly have a tendency to create a monopoly. Before enforcing a restriction on teaching activity we must be convinced that it is reasonably necessary to protect the good will asset. We are not so persuaded.

## ORDER

And now, May 6, 1980, for the reasons set forth above, plaintiff's request for an injunction is dismissed.